**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5519-17T4

R.H.,

     Plaintiff-Respondent,

v.

S.Y.K.,

     Defendant-Appellant.

_____

Argued June 18, 2019 – Decided September 10, 2019

Before Judges Koblitz and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1801-15.

Angelo Sarno argued the cause for appellant (Snyder Sarno D'Aniello Maceri Da Costa LLC, attorneys; Angelo Sarno, of counsel and on the briefs; Lydia Sue La Tona, on the briefs).

Patricia E. Apy argued the cause for respondent (Paras Apy & Reiss PC, attorneys; Patricia E. Apy and Elissa Alexandra Perkins, of counsel and on the brief).

PER CURIAM

Defendant S.Y.K.[1] appeals from the June 18, 2018 order of the Family Part denying her request to transfer this post-judgment matrimonial matter to a court in Italy and granting plaintiff R.H.'s motion to change venue from Hudson County to Monmouth County.  We affirm.

I.

R.H. and S.Y.K. were married in 2013 and have one child, E.H., who was born in 2013.  In 2015, R.H. filed a complaint in the Family Part, Hudson County, seeking a divorce.  At that time, the couple and their child lived in Hudson County.  While the divorce proceedings were pending, S.Y.K. moved to Italy.

On July 20, 2016, the court entered a dual judgment of divorce incorporating the parties' matrimonial settlement agreement (MSA).  Pursuant to the MSA, they share joint custody of E.H. with S.Y.K. designated as the parent of primary residence and R.H. as the parent of alternate residence.  E.H. spends her time alternating between New Jersey and Italy.  In November 2016, R.H. moved to Monmouth County.

---

[1] We use initials to preserve the confidentiality of the parties and their child.  R. 1:38-3(d)(13).

2

On March 14, 2018, R.H., intending to seek relief under the MSA, moved pursuant to Rule 4:3-3 to change venue from Hudson County to Monmouth County. On March 26, 2018, S.Y.K. requested and was granted an adjournment of R.H.'s motion.

Six days later, S.Y.K. moved from Rome to Milan. On April 6, 2018, she filed an application in a court in Milan asking it to take jurisdiction over the post-judgment proceedings and seeking an order regarding custody and parenting time. She subsequently filed a response to R.H.'s motion and a cross-motion seeking "a change of venue" to Milan.

On June 18, 2018, Judge Tara Schillari Rich issued a comprehensive oral opinion in which she considered S.Y.K.'s motion to be a request for the court to decline to exercise jurisdiction over the parties' post-judgment proceedings as an inconvenient forum under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), N.J.S.A. 2A:34-53 to -95. Judge Rich made detailed findings of fact supporting her conclusion that E.H. has a significant continuing connection to New Jersey, the forum in which the dual judgment of divorce incorporating the MSA was entered. As a result, Judge Rich concluded that the court retains exclusive, continuing jurisdiction under N.J.S.A. 2A:34-66.

In addition, Judge Rich carefully analyzed each of the factors set forth in N.J.S.A. 2A:34-71 and concluded: (1) the witnesses and evidence concerning the parenting of E.H. will be found in both New Jersey and Italy; (2) the parties' income is in equipoise and neither would suffer an undue financial burden if the matter was tried in either New Jersey or Italy; (3) E.H. resides partly in New Jersey and partly in Italy and would suffer no undue burden if the matter is heard in either New Jersey or Italy; (4) New Jersey courts and the courts of Italy are "essentially equal" in terms of which is more convenient to the parties; (5) the parties agreed in the MSA that New Jersey law would control the custody and parenting of E.H.; (6) it is unclear if a court in Italy would or could apply New Jersey law to the parties' custody and parenting claims, particularly because S.Y.K.'s application in the Italian court called for entry of an order consistent with Italian law; and (7) neither New Jersey courts nor the courts in Italy have familiarity with the parties' post-judgment interactions.

After weighing the statutory factors, Judge Rich concluded that New Jersey is not an inconvenient forum and that Italy is not a more convenient forum than New Jersey. In addition, the judge found that "New Jersey rather than Italy is the better forum to construe and govern the issues in this matter under New

Jersey law," as contemplated by the MSA. The judge, therefore, determined New Jersey would continue to exercise jurisdiction.

With respect to R.H.'s motion to change venue, Judge Rich concluded that a change of venue to Monmouth County was warranted pursuant to Rule 4:3-3(a)(4). That rule provides a change of venue may be ordered "in Family Part post-judgment motions, if both parties reside outside the county of original venue and application is made to the court by either party to change venue to a county where one of the parties now resides." The court thereafter denied the parties' motions for attorney's fees and costs and entered the June 18, 2018 order memorializing its decisions.

This appeal followed. S.Y.K. appeals only those portions of the order denying her motion to transfer this matter to Italy and granting R.H.'s motion for a change of venue. She argues that Judge Rich erred when she failed to give sufficient weight to the amount of time E.H. resided with S.Y.K. in Italy and misinterpreted the provision of the MSA concerning New Jersey law, which, S.Y.K. argues, was a choice of law provision, not a choice of forum provision.

II.

Our review of an order of the Family Part is limited. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "Because of the family

courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). "We 'do not disturb the factual findings and legal conclusions of the [motion] judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Avelino-Catabran, 445 N.J. Super. at 587 (alteration in original) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). While deference is accorded to the trial court as to factfinding, its "legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013).

Having carefully reviewed S.Y.K.'s arguments in light of the record and applicable legal principles, we affirm the June 18, 2018 order for the reasons stated by Judge Rich in her thorough and well-reasoned oral opinion. Judge Rich's factual findings are well supported by the record and we find no error in her application of the relevant provisions of the UCCJEA to those findings. In addition, the record supports Judge Rich's decision to transfer venue to Monmouth County.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-5519-17T4